UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NICHOLAS CHARASSRI, § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 6:24-CV-00450-ADA-JCM |
| § | |
| STATE OF TEXAS, et al., § | |
| Defendants. § | |

### ORDER and REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2). For the following reasons, the Court **ORDERS** that Plaintiff's Motion to Proceed in Forma Pauperis be **GRANTED**. The Court further **RECOMMENDS** that this case be **DISMISSED**.

## I.   BACKGROUND

Plaintiff Nicholas Charassri alleges that he was the victim of a carjacking that left him no choice but to defend himself and his property. Pl.'s Original Compl. (ECF No. 1) at ¶ 11. Plaintiff further alleges that Defendants Hill County, the State of Texas, the City of Hillsboro, and the Hill County Sheriff's Department were in contact with his assailants two weeks before the incident. *Id.* at ¶ 10. When law enforcement officials arrived at the scene of the incident, they

1

"'aggressively' removed [Plaintiff] from his vehicle by gunpoint" and "treated [him] like the perpetrator of a crime rather than the law abiding citizen that he was in the face of violent criminal trespassers intent on killing him and stealing his property." *Id.* at ¶ 12. Plaintiff alleges that

> Defendants transported the Plaintiff to the hospital after they assaulted him during the process of taking the Plaintiff into custody for the self-defense situation then proceeded to tell the Plaintiff upon release from the hospital that the district attorney decided to upgrade the charge to murder much to the surprise of the Plaintiff and the deputy who was transporting the Plaintiff.

*Id.* at ¶ 14. Plaintiff further alleges that the entire incident was "due to the Defendant[s'] negligence in enforcing the laws within their jurisdiction." *Id.* at ¶ 16.

Plaintiff sues the State of Texas, the City of Hillsboro, Hill County, and the Hill County Sheriff's Department for their "blatant negligence" in violation of "Government Liability." Pl.'s Original Compl. (ECF No. 1) at ¶ 23–28. Plaintiff alleges that Defendants "actions and/or omissions of blatant negligence were a proximate cause" of his emotional and physical pain and suffering. *Id.* at 1. Plaintiff explicitly sues the City, but no other defendant, under 42 U.S.C. § 1983. *Id.* at ¶ 8.

Additionally, Plaintiff complains that the Hill County Jail violated his Second Amendment rights when it withheld his property, including his firearm, for about three weeks after his release from custody. *Id.* at ¶ 20, 29–30. Finally, Plaintiff sues the Hill County Sheriff's Department for violating his Eight Amendment rights

> when they were jointly complacent with medical negligence perpetrated by the contracted 'medical professionals' after setting the inconsiderable amount considering the situation where there was substantial evidence of a self-defense situation case, rather than a first degree murder incident in which the Plaintiff was initially charged with and has suffered substantial damages from this unjustified charge which was in favor of the Defendants which had no probable cause or reasonable suspicion with the amount of evidence which states this incident was a self-defense situation.

2

*Id.* at ¶ 32. Plaintiff seeks punitive damages against the Hill County Sheriff's Department for the alleged violations. *Id.* at ¶ 34.

## II.    DISCUSSION

Here, Plaintiff reports his monthly gross income to be $1,206. Mot. at 5. The applicable poverty guideline for a family of one is $15,060. U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation, *U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Programs*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 21, 2024). Plaintiff also identifies that he has monthly expenses of $930 for utilities, laundry, medical bills, transportation, and debt payments. Mot. at 8. Plaintiff's application shows that having to pay his filing fee would cause him undue financial hardship.

Once IFP status is conferred, 28 U.S.C.A. § 1915(e)(2)(B)(i) allows dismissal of an action if it is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, Plaintiff's claims are legally frivolous because the claims are based on indisputably meritless legal theories. *See Neitzke*, 490 U.S. at 325. Although the Court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, "a pro se litigant still must actually argue something that

is susceptible of liberal construction." *Toole v. Peak*, 361 Fed. Appx. 621, 621 (5th Cir. 2010) (per curiam).

In liberally construing Plaintiff's "Government Liability" claims as § 1983 claims, the Court still finds that such claims are indisputably meritless. Plaintiff alleges Defendants "actions and/or omissions of blatant negligence" caused his injuries. Pl.'s Original Compl. at ¶ 21, 23, 25, 27. Negligence, however, is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986). Thus, Plaintiff has provided the Court no legal basis that would allow the Court to conclude that his constitutional rights were violated. *See Andrews v. Belt*, 274 Fed. Appx. 359, 360 (5th Cir. 2008) (per curiam) (holding that the district court did not err when it dismissed a negligence claim brought under § 1983 as frivolous). Accordingly, Plaintiff's "Government Liability" claims should be dismissed.

Further, Plaintiff's free-standing constitutional claims against the Hill County Sheriff's Department and the Hill County Jail are frivolous because neither Defendant is a proper party to the case.[1] "For a plaintiff to sue a department of a Texas city or county, the department must 'enjoy a separate legal existence.'" *Avila v. El Paso Cnty. Sheriff Dep't*, No. EP-24-CV-00128, 2024 U.S. Dist. LEXIS 140065, at *13 (W.D. Tex. Aug. 7, 2024) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313) (5th Cir. 1991).

Nothing in Plaintiff's Complaint indicated that Hill County has taken explicit steps to grant its Sherriff's Department or County Jail with such authority. Thus, the County Jail and the Sheriff's Department are not proper defendants. *See id.* at 13–14 (holding that El Paso County, in lieu of the El Paso County Sheriff's Department or the El Paso County Jail Annex, was the

---

[1] Plaintiff complains that the Hill County Jail violated his Second Amendment rights but has not named the Jail as a party to the lawsuit. *Id.* at 2–3, 10 ("Count Five: Violation of The Second Amendment of The Constitution of The United States of America Against Hill County Jail").

proper entity to be sued). Accordingly, Plaintiff's claims against the Sheriff's Department and the County Jail lack an arguable basis in law, and the Court should dismiss the case.

### III. ORDER and RECOMMENDATION

For the reasons explained above, the Court **ORDERS** Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) be **GRANTED.** The Court **RECOMMENDS** that this case be **DISMISSED**. The Clerk of the Court is directed to send a copy of this Report and Recommendation to the keeper of the three strikes list.

### IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 17th day of September 2024.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

5